NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO ALBERTO HERNANDEZ-VALENZUELA,

          Petitioner,

v.

PAMELA BONDI, Attorney General,

          Respondent.

No.   20-72739

Agency No. A087-545-868

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2026[**]
Tucson, Arizona

Before: HAWKINS, HURWITZ, and DESAI, Circuit Judges.

    Sergio Hernandez-Valenzuela petitions for review of a decision of the Board

of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ")

denying Hernandez-Valenzuela's application for cancellation of removal.

Hernandez-Valenzuela argues that the IJ overlooked evidence that his family would

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

experience exceptional and extremely unusual hardship if he is removed. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We deny the petition.

We review the merits of a hardship determination for cancellation of removal for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Under the substantial evidence standard, "we may not reweigh the evidence," *Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir. 1998), and "must uphold the agency determination unless the evidence compels a contrary conclusion," *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). When, as here, the BIA affirms the IJ's decision without opinion, "we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004).

1.      Substantial evidence supports the IJ's finding that Hernandez-Valenzuela did not establish sufficient hardship to a qualifying relative. A non-citizen is eligible for cancellation of removal if he establishes, among other requirements, "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Here, Hernandez-Valenzuela's qualifying relatives are his three U.S. citizen children.[1] The record does not compel the conclusion that Hernandez-Valenzuela's three U.S. citizen children would experience exceptional

---

[1]      Hernandez-Valenzuela also argues that his three other children, who are DACA recipients, would experience hardship if he is removed. However, a qualifying relative must be a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D). These children are not U.S. citizens or lawful permanent residents.

and extremely unusual hardship if he is removed. Hernandez-Valenzuela argues that the children's "limited Spanish proficiency" compels a finding of hardship. But his testimony that the children would remain in the United States if he were removed undermines that claim.

Hernandez-Valenzuela also argues that his children will suffer exceptional financial hardship because his wife does not work outside the home. But the IJ found that his wife could enter the workforce, and she will not solely bear the "financial and familial burden" of caring for the children. *See Matter of Recinas*, 23 I. & N. Dec. 467, 471–72 (BIA 2002). Indeed, Hernandez-Valenzuela testified that his eldest daughter, who is financially independent, would help care for the children. And Hernandez-Valenzuela's claim that his financial contributions will diminish if he is removed due to poor economic conditions in Mexico also fails. The possibility of financial difficulties from poor economic conditions abroad does not compel the conclusion that Hernandez-Valenzuela's children will face exceptional and extremely unusual hardship. *Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 323–25 (BIA 2002).

Finally, "the emotional suffering that results from the separation of parents from children is sadly common in the removal context and thus does not satisfy the exceptional and extremely unusual standard." *Gonzalez-Juarez*, 137 F.4th at 1007 (citation modified).

2.	A petitioner "attempting to establish that the [IJ] violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). Here, the IJ acknowledged each piece of evidence that Hernandez-Valenzuela claims was overlooked.

The temporary stay of removal shall remain in place until the mandate issues.

**PETITION DENIED.**